**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000698
09-JUL-2026
07:53 AM
Dkt. 40 SO**

NO. CAAP-24-0000698

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LONNELL REGINALD WIDEMAN, Plaintiff-Appellant, v.
JOSH GREEN, GOVERNOR; TOMMY JOHNSON, DIRECTOR OF DEPARTMENT
OF CORRECTIONS AND REHABILITATION; HAWAI'I PAROLING AUTHORITY;
ADRIENNE BOXER-PO, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-24-0000290)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and McCullen, JJ.)

Self-represented Plaintiff-Appellant Lonnell Reginald Wideman (**Wideman**) appeals from the May 27, 2026 *Final Judgment* entered by the Circuit Court of the First Circuit (**Circuit Court**) in favor of Defendants-Appellees Josh Green, Governor; Tommy Johnson, Director of Department of Corrections and Rehabilitation (**DCR**); Hawai'i Paroling Authority (**HPA**); and Adrienne Boxer-Po (**Boxer-Po**) (together, **Defendants**).[1] Wideman also challenges the Circuit Court's: (1) October 16, 2024 *Order Granting Motion to Dismiss [Wideman's] Complaint Filed on June 19, 2024* (**Order Granting Motion to Dismiss**); and (2) October 16, 2024 *Order Denying [Wideman's] Motion for Preliminary Injunction Filed on June 19, 2024* (**Order Denying Motion for Preliminary Injunction**).[2]

---

[1] The Honorable Shirley M. Kawamura presided.

[2] Wideman originally appealed from the Order Granting Motion to Dismiss and the Order Denying Motion for Preliminary Injunction. On May 15,
(continued...)

Wideman, a Hawaiʻi state parolee, filed the operative complaint and motion for preliminary injunction on June 19, 2024. He asserted a violation of his civil rights based on Defendants having denied him permission to travel to China to marry a "Chinese national." He sought damages, as well as a preliminary injunction in the form of an order releasing him from the HPA's authority.

Following a September 25, 2024 hearing, the Circuit Court granted Defendants' motion to dismiss the complaint and denied Wideman's motion for preliminary injunction. The court concluded, among other things, that: (1) "habeas corpus is the exclusive remedy for [Wideman] to challenge the fact or duration of his confinement and to seek immediate or speedier release"; (2) an alleged "international travel ban for parolees" does not violate Wideman's rights under the Hawaiʻi or United States Constitutions, including his right to marry and substantive due process rights; (3) as to Wideman's claim for intentional infliction of emotional distress, Defendants' alleged conduct "does not rise to the level of outrageousness as construed in our case law"; (4) "[t]he State has not waived its sovereign immunity for any claims for damages asserted for violations of the State Constitution, nor for arguments under 42 U.S.C. § 1983"; and (5) "Boxer[-Po] is entitled to absolute quasi-judicial immunity for her discretionary decisions that require the exercise of judgment functionally comparable to those of judges." The court denied the motion for preliminary injunction as moot.

On appeal, Wideman contends that the Circuit Court erred in granting the motion to dismiss and denying the motion for preliminary injunction because: (1) Wideman "stated an actionable constitutional violation against Defendants['] international travel ban for Hawaii parolees"; (2) Wideman "stated an actionable constitutional violation against Defendants [for] denying [his right] to marry a Chinese national"; (3)

---

[2/] (...continued)
2026, we temporarily remanded this matter to the Circuit Court for entry of an appealable judgment. On May 27, 2026, the Circuit Court entered the Final Judgment, which perfected the appeal under Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2).

Wideman "stated an actionable claim of intentional infliction of emotional distress[]" under Hawaiʻi law; (4) habeas corpus is not the sole remedy for Wideman to be released from the custody of the HPA; (5) "Defendants[] are not shielded from liability under the doctrine of sovereign immunity"; and (6) "Defendants[] are not shielded from liability under the doctrine of quasi-judicial immunity."[3/]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Wideman's contentions as follows, and affirm.

(1) Wideman contends that he has a constitutional right to international travel that was violated when Defendants denied him permission to travel to China pursuant to an "international travel ban for Hawaii parolees." He further argues that as a parolee, he "has presented no compelling legitimate security concerns to warrant reasons for the denial to travel to China for marriage."

We review a circuit court's ruling on a motion to dismiss de novo, under the same standard applied by the circuit court. Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 256-57, 428 P.3d 761, 768-69 (2018). We view the facts alleged in the complaint, and the inferences to be drawn from them, in the light most favorable to the plaintiff. Id. at 257, 428 P.3d at 769. But we are "not required to accept conclusory allegations on the legal effect of the events alleged." See Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013) (quoting Pavsek v. Sandvold, 127 Hawaiʻi 390, 403, 279 P.3d 55, 68 (App. 2012)).

Construing the federal constitution, the Ninth Circuit has ruled that "an individual's constitutional right to [interstate] travel, having been legally extinguished by a valid conviction followed by imprisonment, is not revived by the change in status from prisoner to parolee." Bagley v. Harvey, 718 F.2d 921, 924 (9th Cir. 1983). By extension, the same rule applies to

_____

[3/] Wideman's points of error have been reordered and restated in part for purposes of clarity.

a parolee's right to international travel, which "has been considered to be no more than an aspect of the liberty protected by the Due Process Clause of the Fifth Amendment." Eunique v. Powell, 302 F.3d 971, 973 (9th Cir. 2002) (quoting Haig v. Agee, 453 U.S. 280, 307 (1981)); see Williams v. Wisconsin, 336 F.3d 576, 581 (7th Cir. 2003) (recognizing that parolees' "right to travel is extinguished for the entire balance of their sentences" and "international travel is not the same as interstate travel, even for free persons"); Wideman v. Green, Civ. No. 25-00149 SASP-RT, 2025 WL 2427151, at *4 (D. Haw. Aug. 12, 2025) ("Although ordinary citizens have a protected right to interstate travel under the Fourteenth Amendment . . ., that right does not extend to prisoners or parolees.").[4]

Here, Wideman alleged that he was released on parole under the supervision of the DCR and the HPA. As a parolee, he remained subject to statutory restrictions, including the requirement that state parolees obtain permission from the paroling authority before leaving the jurisdiction of the State. See HRS § 353-66(c) (2015); see also HRS § 353-62 (2015 & Supp. 2021) (granting HPA authority to, among other things, determine conditions of parole). As parolees have no federal constitutional right to travel, Wideman's claim that he was denied such a right pursuant to an international travel restriction failed as a matter of law. See Wideman, 2025 WL 2427151, at *5; see also Williams, 336 F.3d at 581-82 (ruling that a state administrative provision that barred parolees from traveling internationally did not violate any constitutionally protected right to travel or to marry that the plaintiff parolee possessed.).

The Hawaiʻi Supreme Court has recognized a right to freedom of movement under the Hawaiʻi Constitution, likening it to the federal right to travel. See State v. Shigematsu, 52 Haw.

---

[4] Wideman filed a separate lawsuit against the same defendants in federal court, alleging they violated his constitutional rights by denying his request to visit his daughter in the Phillipines. 2025 WL 2427151, at *1. Wideman raised similar claims to those raised here. See id. The court dismissed the complaint with prejudice, ruling, among other things, that because parolees have no federal constitutional right to travel, Wideman failed to state a federal constitutional claim. Id. at *4-*5.

604, 610 n.4, 483 P.2d 997, 1000 n.4 (1971). We need not determine, however, whether this freedom of movement encompasses a right to international travel or, as relevant here, a parolee's right to international travel, as "a person's freedom of movement is not absolute" and may be subject to reasonable regulation. Coyle v. Compton, 85 Hawaiʻi 197, 207, 940 P.2d 404, 414 (App. 1997) (quoting Shigematsu, 52 Haw. at 607, 483 P.2d at 999).

Here, Defendants argue that international travel restrictions for parolees serve the State's important interest in supervising parolees, and that "HPA risks losing all right to supervise [Wideman] the moment he is outside the jurisdiction of the United States." The Circuit Court similarly concluded that "[t]he State has no inherent right to enforce its criminal laws or restrictions imposed under those laws outside the Un[i]ted States." In these circumstances, the alleged international travel restriction on Wideman serves an important State interest and does not unreasonably or unnecessarily infringe on his freedom of movement. Wideman failed to state a claim that his alleged right to travel internationally was violated.

(2) Wideman contends that he has a constitutional right to marry that was violated when Defendants denied him permission to travel to China to marry pursuant to the alleged international travel restriction.

In Turner v. Safley, 482 U.S. 78, 94-100 (1987), the United States Supreme Court recognized the fundamental right of prisoners to marry, which may be limited only for sound penological reasons. Here, however, Wideman did not allege that any of the Defendants — or the alleged travel restriction itself — forbade him from getting married or from marrying his Chinese fiancé. At most, the alleged restriction affected either the timing or the place of his marriage plans. "This type of incidental interference with the right to marry does not give rise to a constitutional claim if there is 'some justification' for the interference." Williams, 336 F.3d at 582 (quoting Keeney v. Heath, 57 F.3d 579, 580–81 (7th Cir. 1995)); cf. Nachtwey v. Doi, 59 Haw. 430, 442 n.18, 583 P.2d 955, 963 n.18 (1978) ("A [d]e minimis effect on a fundamental right will not evoke strict

5

scrutiny").

Here, as discussed above, there is an important justification for the alleged restriction on Wideman's international travel, as the HPA would risk losing all right to supervise him if he were to leave the jurisdiction of the United States.[5/]  Wideman failed to state a claim that his right to marry was violated.

(3) Wideman contends that he "stated an actionable claim of intentional infliction of emotional distress" against Defendants.  We disagree.

Rather, the Circuit Court correctly ruled that the alleged conduct of Defendants, taken as true, "does not rise to the level of outrageousness as construed in our case law."  See Goran Pleho, LLC v. Lacy, 144 Hawaiʻi 224, 237, 439 P.3d 176, 189 (2019) ("The term 'outrageous' has been construed to mean without just cause or excuse and beyond all bounds of decency."  (quoting Enoka v. AIG Hawaiʻi Ins. Co., 109 Hawaiʻi 537, 559, 128 P.3d 850, 872 (2006))); id. at 238, 439 P.3d at 190 ("[T]he correct inquiry is simply whether 'an average member of the community' would exclaim, 'Outrageous!'"  (quoting Young v. Allstate Ins. Co., 119 Hawaiʻi 403, 429, 198 P.3d 666, 692 (2008))).  Wideman thus failed to state a claim for intentional infliction of emotional distress.  See id. at 237, 439 P.3d at 189 (the question of outrageousness "is for the court in the first instance," and should be left for the jury to decide only where reasonable people could differ (quoting Young, 119 Hawaiʻi at 429, 198 P.3d at 692)).

(4)-(6) Because the operative complaint failed to state a claim upon which relief could be granted, the Circuit Court did not err in dismissing it, or in dismissing it with prejudice in these circumstances.  Further, the Circuit Court did not err in denying the motion for preliminary injunction as moot. Accordingly, we need not address Wideman's remaining contentions.

---

[5/]     Wideman cites no Hawaiʻi authority recognizing a parolee's unrestricted right to marry under the Hawaiʻi Constitution.  In any event, the incidental affect of the alleged travel restriction on Wideman's right to marry is justified in these circumstances.  See supra.

For the reasons discussed above, the Final Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, July 9, 2026.


On the briefs:

Lonnell Reginald Wideman,
Self-represented Plaintiff-
Appellant.

Skyler G. Cruz and
Yanita V. Spiker,
Deputy Attorneys General,
for Defendants-Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge